UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| David Gordon, | : | |
| Prince Gordon, and | : | |
| Zipporah Greene Walters | : | |
| | : | No.   3:19 CV  1177(XXX) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| Ryan Slaiby | : | |
| David Luke | : | |
| Anthony Guiliano | : | |
| John Doe | : | |
| Brendan Lundt | : | |
| David Mello | : | |
| Jack Doe | : | |
| FNU LNU | : | |
| | : | July 31, 2019 |
| Defendants. | | |

## COMPLAINT

### Count One

### 42 U.S.C. Section 1983 (Unlawful Search and Seizure)

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Title 42, Sections 1982 and 1983 of the United States Code, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4. Venue lies in the District of Connecticut under 28 U.S.C. Section 1391(b), in that all the events of this complaint and the parties reside within this District.

5. Plaintiffs David Gordon, Prince Gordon and Zipporah Greene Walters are residents of Bridgeport, CT.

6. At the time if the search the plaintiffs resided in a multi- family dwelling located at 251 Noble Avenue, Bridgeport.

7. Defendants Ryan Slaiby, David Luke, Anthony Guiliano and John Doe are officers of the Connecticut State Police, acting in their official capacity. They are being sued in their individual capacity.

8. Defendant Brendan Lundt, Ryan Mahar, David Mello and Jack Doe are special agents with Homeland Security Investigations.

9. Defendants FNU LNU are agents with the United States Postal Inspection Service and are unknown at this time..

10. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States.

11. On January 31, 2017 the defendants prepared and executed a search warrant for 249 Noble Avenue, Bridgeport, CT.

12. The search warrant was constitutionally deficient in that it did not particularly describe the place to be searched.

13. The targeted building of the search warrant is a multi-family building with two separate, and distinct, multi-unit residences.

14. The warrant lacked probable cause to search the plaintiffs' residences located at 251 Noble Avenue.

15. The larger units of the building, 249 Avenue and 251 Noble Avenue have separate porches, separate entrances and separate mailboxes.

16. The warrant also lacked probable cause to search separate units within the rooming house located at 251 Noble Avenue.

17. The neighborhood is known by law enforcement to contain multi-family structures.

18. Although investigators were aware of the fact that the building was a multi-family the defendants omitted such facts from the search warrant.

19. The building is separated by two addresses prominently displayed on the exterior.

20. The front of the building has multiple utility meters, consistent with multifamily dwellings.

21. The public records maintained by the City of Bridgeport document the multifamily occupancy.

22. The warrant affidavit excluded facts that would undermine a probable cause determination to authorize the search of 251 Nobel avenue and/ or the individual units within 251 Nobel Avenue.

23. As a result of the illegal search and seizure, the plaintiffs were arrested.

24. The plaintiffs filed a motion to suppress.

25. The court, Hon William Holden, held a suppression hearing and granted the motion to suppress.

26. The criminal charges were later dismissed.

27. The plaintiffs have suffered anxiety and humiliation from such searches.

28. The defendants' actions were unjustified and unlawful.

29. The plaintiffs sustained damages and incurred expenses.

**Count Two        42 U.S.C. Section 1983 (Franks Violation)**

1-29. Paragraphs one through twenty-nine of Count One are hereby incorporated as paragraphs one through twenty-nine of Count Two.

30. The conduct of the defendants constituted a "Franks violation" in violation of the Fourth Amendment to the United States Constitution.

31. Without the deliberate falsehood or reckless disregard of facts supporting a multi-family dwelling a magistrate would not have issued a search and seizure warrant for the vessel.

32. The omissions or material falsehoods in the search and seizure warrant were designed to mislead the magistrate or were made in reckless disregard of whether they would mislead the magistrate.

**Count Three        Violations of the Connecticut Constitution**

1-32. Paragraphs one through thirty-two of Count Two are hereby incorporated as paragraphs one through thirty- two of Count Three.

33. The actions of the defendants violated the laws and Constitution of the State of Connecticut.

The Plaintiffs

By Their Attorney

/s/ Robert Berke

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

**<u>JURY DEMAND</u>**

The plaintiff requests a trial by jury.

The Plaintiff

By Attorney

/s/ Robert Berke

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net